UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM THOMAS PEARCE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14CV114 SNLJ |
| | ) |
| DUNKLIN COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, an inmate at Dunklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.67. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $13.33, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights relating to his incarceration in Dunklin County Jail. Named as defendants are Dunklin County Jail, Dunklin County Sheriff's Department, Nicole Unknown (Jail Administrator) and Unknown Cannon (Correctional Officer).

Plaintiff complains generally that he "fears for his safety." Plaintiff claims that he has filed grievances with Nicole Unknown (Jail Administrator) stating that there have been verbal threats made against him by unnamed officers. Plaintiff also alleges that he witnessed Officer Cannon appear to take something from another inmate's wallet and another officer (who is not named in this lawsuit) throw an inmate's mail away. Plaintiff states he filed a grievance relating to these alleged events but the Jail Administrator simply told him that acts of violence and discrimination would not be allowed at the Jail. Plaintiff also states that defendant Cannon shoved his lunch tray into his chest area in a rough manner when he served him lunch.

**Discussion**

Plaintiff's claims against the Dunklin County Jail and the Sheriff's Department are legally frivolous because these entities are not suable entities. *Ketchum v. City of West Memphis*,

Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Plaintiff has not actually alleged a constitutional violation by Nicole Unknown, the Jail Administrator. Rather, he has simply alleged that he filed grievances relating to what he believed to be unjust practices at the Jail and defendant Nicole Unknown answered his grievances. Although plaintiff may not believe his grievances were resolved satisfactorily, his assertions cannot state a constitutional or federal claim against defendant Nicole Unknown. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith,* 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

Plaintiff's assertions that he thinks he saw defendant Cannon appear to take something from another inmate's wallet and that defendant Cannon shoved his lunch tray into his chest when he served him lunch fail to state constitutional violations as well. First and foremost, plaintiff cannot make assertions or complaints on behalf of other inmates. *See* 28 U.S.C. § 1654. Moreover, his conclusory statements regarding defendant Cannon allegedly "shoving" the lunch tray at him fails to state a plausible claim for relief. *See Iqbal*, 129 S.Ct. at 1950. In order to state a claim for relief, the plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* Plaintiff has failed to do so in this instance.

Last, plaintiff's assertions of "verbal harassment" by some unnamed defendants do not rise to the level required to establish a constitutional violation. *See, e.g., McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a

constitutional right). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (noting that a mere naked threat to engage in an act prohibited by the Constitution is not equivalent to doing the act itself). A deprivation of "peace of mind" similarly does not support a constitutional claim. *King*, 117 F.3d at 1067.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.21 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE